## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICKKE L. GREEN,                        )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          CIV-20-874-R
                                        )
JOHN DOE, INTERIM SHERIFF               )
CLEVELAND COUNTY, ET AL.,               )
                                        )
                    Defendant.          )

## ORDER

Mr. Green, a *pro se* Oklahoma inmate, filed this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On August 31, 2020, Judge Erwin recommended that the case be dismissed unless Plaintiff pay the $400.00 filing fee because Mr. Green has, on three or more prior occasions, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. (Doc. No. 5). Judge Erwin further concluded that Plaintiff failed to establish that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. (Doc. No. 6).  Having conducted this *de novo* review, the Court finds as follows.

At the outset the Court notes certain of Plaintiff's arguments do not address the issue of his request that he not be required to prepay the filing fee. Specifically, Plaintiff asserts

that, because this action was transferred from Judge Wyrick to the undersigned, the judges of this District conspired against him. Contrary to Plaintiff's allegations, the re-assignment of this action to the undersigned was in accordance with General Order 11-1, which provides in (H), that "a complaint filed under the Civil Rights Act by a prisoner or former prisoner shall be transferred by the assigned judge to the judge of this Court who had the plaintiff in the last prior civil rights complaint." The undersigned was the judge in Plaintiff's most recent civil rights action, CIV-15-666-R, *Green v. Reynolds*. As a result and in accordance with General Order 11-1, the case was transferred by Judge Wyrick.

Plaintiff also makes frivolous allegations regarding an alleged conspiracy between the undersigned, Magistrate Judge Erwin, and the District Attorney for Oklahoma County, as well as a former state judge, asserting that he has been falsely imprisoned. These allegations are both spurious and irrelevant to the issues at hand, whether Plaintiff is being denied adequate medical care and whether he should be required to pay all or part of the filing fee at this time. Additionally, the allegations do not support Plaintiff's request that the undersigned and Judge Erwin be disqualified from this case. Having addressed these issues, the Court turns to the objection as it relates to the filing fee.

Plaintiff complains that the Report and Recommendation does not specify the three strike cases upon which Judge Erwin relies. Judge Erwin cited to *Green v. Black*, Case No. CIV-05-1214-L, but did not further elaborate on the strike cases. The cases identified in CIV-05-1214-L are:

1. *Rickke Leon Green v. Thomas Seymour, Stephanie K. Seymour, John P. Moore, Deanell Tacha, Wade Brorby, William Holloway, David Ebel, Bobby R. Baldock, Monroe G. McKay, James Logan and Stephen H.*

*Anderson*, Case No. 92-773-B in the United States District Court for the Northern District of Oklahoma. This civil rights action brought under 42 U.S.C. § 1983 against discharged attorneys and judges of the Court of Appeals was dismissed pursuant to 28 U.S.C. § 1915(d) on July 11, 1995, on the basis that Plaintiff's claims were frivolous. The District Court's Order dismissing the action was affirmed on appeal. *See Green v. Seymour*, 59 F.3d 1073 (10th Cir. 1995).

2.  *Rickke Leon Green v. Eldon Simpson and State Board of Examiners of Official Shorthand Reporters*, Case No. 92-785-E in the United States District Court for the Northern District of Oklahoma. This civil rights action alleging violations of Plaintiff's constitutional rights was dismissed on November 15, 1994, pursuant to 28 U.S.C. § 1915(d) on the ground that it was frivolous. The District Court's Order dismissing the action was affirmed on appeal. *See Green v. Simpson*, 1994 WL 642190 (10th Cir. 1994) (unpublished disposition).

3.  *Rickke Leon Green v. Hon. Ralph G. Thompson, Chief Judge; Hon. Ronald L. Howland, Magistrate; and R. Thomas Seymour*, Case No. CIV-94-56-R in the United States District Court for the Western Case 5:05-cv-01214-L. This civil rights action brought under *Bivens* and 42 U.S.C. § 1981 and § 1985(2) alleging violation of Plaintiff's constitutional rights was dismissed on June 3, 1994, for failure to state a claim upon which relief may be granted. Plaintiff's appeal of the District Court's Order (Case No. 94-6240, Tenth Circuit Court of Appeals) was dismissed for lack of prosecution on December 12, 1994.

4.  *Rickke L. Green v. David C. Phillips III, Guy L. Hurst, Gary Elliott, James H. Payne, Frank H. Seay, Chief Judge, William B. Guthrie, and Susan Brimer Loving*, Case No. CIV-93-1498-T in the United States District Court for the Western District of Oklahoma. This civil rights action brought under *Bivens*, 42 U.S.C. § 1983, § 1985(2) and § 1986, was dismissed on August 15, 1994, as frivolous pursuant to 28 U.S.C. § 1915(d). Plaintiff's appeal of the District Court's Order (Case No. 94-6332 in the Tenth Circuit Court of Appeals) was dismissed by Order filed on January 23, 1995, on the ground that Plaintiff had waived his right to appeal by failing to file any objections to the Magistrate Judge's recommendation.

Case No. CIV-05-1214-L, Doc. No. 10. Judge Erwin's failure to set out the exact cases does not undermine the validity of his conclusion that Plaintiff has accumulated three strikes.[1]

Finally, the Court turns to the merits of Plaintiff's objection. As set forth above, there is an exception to the three strike rule for a prisoner alleging that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "To fall within the exception of 28 U.S.C. § 1915(g)'s three-strikes rule, a prisoner must 'make specific, credible allegations of imminent danger of serious physical harm.'" *Lynn v. Willnauer*, --- F. Appx. ---, 2020 WL 4668492, *2  (10th Cir. Aug. 12, 2020)(*quoting Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)*, abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Judge Erwin noted Plaintiff's allegations regarding his medical care and the denial thereof, but correctly noted that Plaintiff does not seek medical care as relief. Rather, he seeks damages, both compensatory and punitive, and declaratory relief. Despite these shortcomings, the Court believes Plaintiff should have the opportunity to make the proper showing.

The Court notes Plaintiff's allegation that since being transferred from the custody of the Department of Corrections to the Cleveland County Detention Center he has been denied his prescribed medications for prostate cancer, high blood pressure, bleeding ulcers, and two hernias. The shortcoming with Plaintiff's allegations lies in the lack of specific reference to particular defendants. The caption of Plaintiff's Complaint names multiple

---

[1] Plaintiff complains that the documents he receives do not bear the stamp of the Clerk of Court indicating the filing date. The date in the header across the top of documents mailed to litigant, which indicates the filed date, replaces the prior version of a file stamp bearing the name of the Clerk of Court.

Defendants, many of whom are identified as John or Jane Doe. In order to rely on the § 1915(g) exception Plaintiff must "make a 'specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion.'" *Id.* at *2 (*quoting Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)*, abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, (2015)).

The Complaint herein does not identify which of the many Defendants is allegedly responsible for the failure to provide Plaintiff his medications. "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Alleging that "the DCF Defendants [FLATLY REFUSE] to provide them plaintiff's medical records notwithstanding repeated requests" (Doc. No. 1, p. 2), is not sufficiently specific. As noted by the Tenth Circuit:

> [W]e have regularly held that specific allegations . . . of prison officials refusing to treat a prisoner's chronic conditions that causes severe pain or aggravates debilitating symptoms are enough to facially satisfy the imminent-danger exception," *id.*   at 771. We explained that the inmate specified which defendants denied him what treatment for what ailment on what occasion, resulting in an imminent physical injury."

*Id.* at *3 (quoting *Boles v. Colo. Dep't of Corrections*, 794 F. App'x 767, 770-71 (10th Cir. 2019)).[2]

---

[2] Plaintiff groups the Defendants by their place of employment, citing either the DCF or CCDC Defendants. The groupings are not sufficiently specific to avoid the § 1915(g) limitation.

However, to the extent Plaintiff's Complaint contains allegations that Cleveland County Detention Center deprived him of stationery, envelopes, photocopying services, pens, and the free exercise of religion, such allegations would not support a finding of imminent physical injury. Any lawsuit with regard to these issues will require that Plaintiff pay the filing fee. *See Lomax v. Ortiz-Marquez,* 754 F. App'x 756, 759 (10th Cir. 2018) *(quoting Pettus v. Morgenthau,* 554 F.3d 293, 297 (2d Cir. 2009))("an inmate seeking the imminent danger exception must show 'a nexus between the imminent danger [he] alleges ... and the legal claims asserted.'").

In light of the above, the Court hereby grants Plaintiff twenty-one days in which to file an Amended Complaint to remedy the shortcomings identified above. Failure to do so will result in the Court adopting the Report and Recommendation and ordering the full payment of the filing fee.

IT IS SO ORDERED this 22nd day of September 2020.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

6